## CITY RAILWAY CO v BUSSERT

Ohio Appeals, 2nd Dist, Montgomery Co

No 1134. Decided Dec 27, 1932

McMahon, Corwin, Landis & Markham, Dayton, for plaintiff in error.

D. H. Wysong, Dayton, for defendant in error.

KUNKLE, J.

From the judgment of the lower court overruling the motion for a judgment in favor of plaintiff in error notwithstanding the general verdict in favor of defendant in error, the plaintiff in error prosecutes error to this court.

A bill of exceptions has been filed setting forth the pleadings in the case; the verdict of the jury; the special interrogatories and the answers thereto; the entry of judgment; the motion for a directed verdict; the motion for a new trial and the entry containing the judgment of the trial court upon such motions.

The motion for a new trial was sustained upon the ground that the verdict of the jury was manifestly against the weight of the evidence.

The testimony in the lower court is not contained in the bill of exceptions.

Upon this state of the record the defendant in error files a motion to strike the petition in error and the bill of exceptions from the files for the reasons stated in the motion.

Is the plaintiff in error entitled to prosecute error to this court from the judgment of the trial court refusing to render a judgment in its favor notwithstanding the general verdict because of the answer to special interrogatory No. 2?

Can such petition in error be maintained where the trial court granted the motion of plaintiff in error for a new trial? This is the only question that the bill of exceptions in this case presents, unless it would be the question as to whether the answer to special interrogatory No. 2 would support the motion for a directed verdict.

Without further discussing the record, we are of opinion that the granting of the motion for a new trial resulted in annulling or setting aside all of the proceedings had in the former trial. The findings of fact of the jury as well as the general verdict of the jury are vacated and set aside by the granting of the motion for a new trial. Nothing occurring during the former trial remains upon which error can be based, unless it be the ruling of the court granting the new trial and error is not prosecuted from the granting of the motion for a new trial.

Bouvier defines a new trial as "A re-examination of an issue in fact before a court and jury which has been tried at least once before the same court." "A rehearing of the legal rights of the parties upon disputed facts before another jury."

As above stated, we think the granting of a motion for a new trial upon the application of plaintiff in error resulted in setting aside not only the general verdict of the jury but also the findings of fact of the said jury, and that therefore there remains no findings of fact upon which to base a prosecution in error.

Assuming however that we are in error as to the effect of sustaining the motion for a new trial we are of opinion that there is no error in the ruling of the trial court in overruling the motion for judgment upon the special finding notwithstanding the general verdict of the jury.

From a consideration of the record the judgment of the court will therefore be in favor of defendant in error.

ALLREAD, PJ, concurs.

HORNBECK, J, concurs in judgment.